IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Terry Doggett, #93124, | ) |
|                     Plaintiff, | ) Civil Action No. 8:17-02820-MBS |
| v. | ) **OPINION AND ORDER** |
| William E. Gunn, Director, South Carolina Department of Probation, Parole, and Pardon Services, | ) |
|                     Defendant. | ) |

Plaintiff Terry Doggett ("Plaintiff") is an inmate in the custody of the South Carolina Department of Corrections (SCDC) at Perry Correctional Institution in Pelzer, South Carolina. On October 17, 2017, Plaintiff, proceeding pro se, brought the underlying action against Defendant William E. Gunn ("Defendant"), the former Director of the South Carolina Department of Probation, Parole, and Pardon Services. Plaintiff asserts that Defendant improperly applied S.C. Code Ann. § 24-21-640, thereby eliminating Plaintiff's parole eligibility in violation of the ex post facto clause of the United States Constitution. ECF No. 1 at 4. Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff has exhausted his state administrative remedies as required by 42 U.S.C. § 1997e(a). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling.

### I. RELEVANT FACTS AND PROCEDURAL HISTORY

On July 18, 1978, Plaintiff pleaded guilty to burglary and assault and battery with intent to kill. ECF No. 1 at 5. Plaintiff received a sentence of 20 years in prison. ECF No. 18-1 at 2-3. At the time of Plaintiff's 1978 convictions, Plaintiff was parole eligible, as these two crimes

were not classified as violent offenses. In 1986, the South Carolina Legislature codified a list of violent crimes. S.C. Code Ann. § 16-1-60. Plaintiff's 1978 convictions were included in that list. Also in 1986, the South Carolina Legislature passed a law that made an individual serving a life sentence for murder ineligible for parole if he or she had committed two previous violent offenses. S.C. Code Ann § 24-21-640.[1]

On May 8, 1988, Plaintiff was convicted of murdering a fellow inmate. ECF No. 18-2 at 1. Plaintiff received a life sentence consecutive to his 1978 sentence. Id. at 4. Absent the two prior violent convictions, Plaintiff would have been parole eligible after 20 years; but pursuant to section 24-21-640, Plaintiff is parole ineligible. ECF No. 18 at 2. On October 26, 1990, Plaintiff completed serving his sentences for his 1978 crimes. ECF No. 18 at 2.

In 1994, the legislature amended 16-1-60, which made the law apply prospectively only. ECF No. 37 at 10; see also Sullivan v. State, 504 S.E. 2d 110 (S.C. 1998). As a result, Plaintiff was no longer considered a violent offender and thus became eligible for parole for his 1988 convictions. Id. Section 16-1-60 was again amended in 1995, making the law retroactive and thereby applicable to Plaintiff's 1978 convictions. Id. Plaintiff was therefore qualified as a violent offender, which revoked his parole eligibility for his 1988 conviction. Id. On March 13, 1995, Plaintiff received a letter from Defendant, informing Plaintiff that following the 1995 changes to section 16-1-60, Plaintiff is not parole eligible. ECF No. 1 at 5.

Plaintiff filed a motion for summary judgment on January 11, 2018. ECF No. 15. In his motion, Plaintiff asserts that parole eligibility is part of a sentence, and that any modification to such a sentence that imposes additional punishment violates the ex post facto clause. ECF No.

---

[1] S.C. Code Ann. § 24-21-640 states, in part, that "the board must not grant parole nor is parole authorized to any prisoner serving a sentence for a second or subsequent conviction, following a separate sentencing for a prior conviction, for violent crimes as defined in Section 16-1-60."

15-1 at 3. Specifically, Plaintiff argues that any "post-judgment action which delays eligibility for parole violates Ex Post Facto Clause." Id. Thus, Plaintiff asserts that because his prior offenses occurred before the modification of section 16-1-60, using those crimes to enhance his sentence by denying him parole eligibility while he serves his life sentence violates the ex post facto clause.

Defendant filed a motion for summary judgment on February 6, 2018. ECF No. 18. First, Defendant asserts that there was no ex post facto clause violation because Plaintiff committed murder in 1987, after the Code had been modified. Id. at 4. Second, Defendant argues he is shielded from liability pursuant to the doctrine of qualified immunity because he did not violate any of Plaintiff's clearly established rights. Id. at 6. Third, Defendant argues that because Plaintiff sued Defendant in his official capacity, Defendant is entitled to invoke Eleventh Amendment sovereign immunity. Id. at 7

On February 7, 2018, the Magistrate Judge issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment procedure and the consequences of failing to respond adequately. ECF No. 20. Also on February 7, 2018, Defendant responded to Plaintiff's motion for summary judgment. ECF No. 23. Defendant argues that Plaintiff failed to provide evidence suggesting that parole was impermissibly denied, stating that "[i]t is clear pursuant to South Carolina law that due to the Plaintiff serving his third classified violent offense he is not entitled to parole eligibility." Id. at 2.

Plaintiff filed a second motion for summary judgment on February 20, 2018, asserting the same arguments that he made in his first motion. ECF No. 29. Plaintiff responded to Defendant's motion for summary judgment on March 26, 2018. ECF No. 34. In his response,

Plaintiff reiterates that his first two offenses should not count as violent for the purposes of section 16-1-60 because parole eligibility was part of his initial sentence.

## II. MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge filed a Report and Recommendation on July 19, 2018. ECF No. 37. The Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied on the grounds that at the time Plaintiff was convicted and sentenced for murder in 1988, he was not eligible for parole. Id. at 9. The Magistrate Judge found that the 1995 amendment did not alter Plaintiff's punishment for his 1988 murder conviction, as at the time Plaintiff was convicted, Plaintiff was parole ineligible. Id. at 11. The Magistrate Judge also found that Plaintiff failed to show that the changes altered the punishment for his 1978 conviction. Id. Thus, because the 1995 amendment did not alter either of Plaintiff's sentences, there was no ex post facto clause violation.

The Magistrate Judge further found that Defendant was entitled to qualified immunity as Plaintiff failed to show that Defendant violated any of Plaintiff's clearly established Constitutional rights. ECF No. 37 at 13. Further, the Magistrate Judge found that because Plaintiff sued Defendant in Defendant's official capacity, Plaintiff effectively sued the State of South Carolina, which is barred by the Eleventh Amendment. Id. at 14. ECF No. 37. Pursuant to Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Report and Recommendation. ECF No. 31-1.

**A. Plaintiff's Objections to the Magistrate Judge's Report and Recommendation**

Plaintiff filed an objection to the Report and Recommendation on August 7, 2018. ECF No. 39. Plaintiff contends that the Magistrate Judge erred "totally." Id. at 1. Plaintiff contends that

section 16-1-60 contains a "savings clause" that made his 1988 conviction parole eligible. Id. at 2. Consequently, Plaintiff asserts that his Constitutional rights were violated. Id. Plaintiff does not object to the Magistrate Judge's finding regarding Defendant's Eleventh Amendment defense. Id.

### III. STANDARD OF REVIEW

#### A. Review of the Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions to which there are no objections – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond, 416 F.3d at 315; Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

#### B. Summary Judgment

The court shall grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. Rule 56(a). The moving party will be entitled to judgment as a matter of law if the "nonmoving part has failed to make a sufficient showing on an essential element of her case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Accordingly, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323–24. The moving party must initially show that there is no genuine issue of

material fact. Id. at 323. Once the movant has made this showing, the non-moving party must demonstrate specific, material facts that give rise to a genuine issue. Id. at 324. A "mere scintilla" of evidence is insufficient to overcome the summary judgment motion. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 252 (1986).

## IV.    DISCUSSION

### A. Ex Post Facto Violation

An ex post facto law is a law that changes or increases the punishment of a previously committed crime. <u>Weaver v. Graham</u>, 450 U.S. 24 (1981). A law violates the ex post facto clause if it "aggravates a crime, or makes it greater than it was, when committed." <u>Calder v. Bull</u>, 3 U.S. 386, 390 (1798). Courts have addressed the ex post facto clause and violent offender statutes, holding that when a statute is enacted that enhances the penalty for later crimes prior to the commission of those crimes, there is no ex post facto violation. <u>Stevens v. Meacham</u>, No. C/A 3:02-2882-22BC, 2003 WL23851102 at *2 (D.S.C., Sept. 17, 2003). Specifically, the South Carolina Supreme Court has addressed the constitutionality of section 16-1-60 and section 24-21-640, holding that they do not violate the ex post facto clause. <u>see, e.g.,</u> <u>Philips v. State</u>, 504 S.E.2d 11, 112 (S.C. 1998)("It is not a violation of the ex post facto clause for the legislature to enhance punishment for a later offense based on a prior conviction, even though the enhancement provision was not in effect at the time of the prior offense."); <u>Sullivan</u>, 504 S.E.2d at 110("Furthermore, it is not a violation of the ex post facto clause for the legislature to enhance punishment for an offense based on a prior conviction of the defendant, even though the enhancement provision was not in effect at the time of the previous offense."). The court concludes that the application of section 24-21-640 and 16-1-60 to deny parole eligibility to Plaintiff does not violate the ex post facto clause.

B. **Qualified Immunity**

Defendant asserts that he is entitled to qualified immunity. Qualified immunity is designed to shield government officials from liability, provided that their conduct does not violate any clearly established Constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Thus, in order to succeed, the moving party must show that 1) a government official violated the plaintiff's rights and 2) that the right in question was clearly established. Saucier v. Katz, 553 U.S. 194, 201 (2001). Rights are clearly established when "at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011)(quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Plaintiff argues that Defendant is not entitled to qualified immunity, as Defendant violated the ex post facto clause. As the court has found, Defendant did not violate Plaintiff's rights under the ex post facto clause. As such, Defendant did not violate any of Plaintiff's clearly established rights. Defendant is entitled to qualified immunity.

C. **Eleventh Amendment Immunity**

Plaintiff did not object to the Magistrate Judge's determination regarding Defendant's Eleventh Amendment defense. Pursuant to Diamond, the court reviews portions of the Report and Recommendation to which parties file no objections for clear error. 416 F.3d. at 315. The court finds no such error.

## V. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 37. Plaintiff's motions for summary judgment, ECF Nos. 15, 29, are **DENIED**. Defendant's motion for summary judgment, ECF No. 18, is **GRANTED**.

IT IS SO ORDERED.

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Court Judge

Dated: September 25, 2018
Columbia, South Carolina